UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

SEP 1 9 2016

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| GREGORY LAMAR BELL, | * | |
| | * | CIV. 16-4016 |
| Petitioner, | * | CR. 05-40061 |
| | * | |
| -vs- | * | ORDER STAYING CASE |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Gregory Lamar Bell's ability to proceed with his motion under 28 U.S.C. § 2255 depends on the retroactive application of the rule in *Johnson v. United States*, 135 S.Ct. 2551 (2015), to the career offender sentencing guideline, USSG § 4B1.1. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 135 S.Ct. at 2557–58. The Supreme Court eventually made this new constitutional rule retroactive to cases on collateral review. *See Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

On June 20, 2016, the Eighth Circuit denied a motion for authorization to file a second or successive § 2255 in *Donnell v. United States*, 826 F.3d 1014 (8th Cir. 2016).[1] In *Donnell*, the Eighth Circuit concluded that although *Johnson* announced a new rule that the residual clause of the ACCA is unconstitutional, *Johnson* did not announce a new rule that the sentencing guideline's

---

[1]The Eighth Circuit may authorize a successive motion to vacate a sentence or conviction if the inmate "makes a prima facie showing" that his proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(3)(C), 2255(h)(2).

residual clause is unconstitutional. The Eighth Circuit stated that Donnell was urging "the creation of a second new rule that would apply *Johnson* and the constitutional vagueness doctrine to a provision of the advisory sentencing guidelines" a rule that has "not been recognized by the Supreme Court or made retroactive on collateral review."[2] The Second, Fourth, and Tenth Circuits have gone the other way, granting authorization to file second or successive petitions seeking to apply *Johnson* to strike down the residual clause in USSG § 4B1.1. *Blow v. United States*, 2016 WL 3769712, at *2 (2d Cir. July 14, 2016) (per curiam); *In re Hubbard*, 825 F.3d 225, 235 (4th Cir. 2016); *In re Encinias*, 821 F.3d 1224, 1226 (10th Cir. 2016) (per curiam).

Shortly after the Eighth Circuit's decision in *Donnell*, the United States Supreme Court granted a writ of certiorari in *Beckles v. United States*, 2016 WL 1029080, Case No. 15-8544 (June 27, 2016), on the following issues: (1) whether *Johnson v. United States* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2); (2) whether *Johnson's* constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review; and (3) whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in the commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*. *See* Question Presented, *Beckles v. United States*, Supreme Court Case No. 15-8544.

In supplemental briefs, both Bell and the United States recognize that it would be appropriate to stay this case pending the dispositive decision in *Beckles*. Although Bell would prefer that his § 2255 motion be granted, this Court agrees that a stay is more appropriate in light of the Eighth Circuit's *Donnell* opinion indicating that *Johnson* does not apply to the sentencing guidelines. *See N.M. ex rel L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008) (holding that Eighth

---

[2]Compare *United States v. Taylor*, 803 F.3d 931 (8th Cir. 2015) (per curiam) (government conceded Taylor's sentence should be vacated and remanded given *Johnson* decision, and Eighth Circuit remanded for district court to determine "whether the residual clause of the career offender guideline is unconstitutional," stating that the "reasoning in *Wivell* that the guidelines cannot be unconstitutionally vague because they do not proscribe conduct is doubtful after *Johnson*").

Circuit precedent "is controlling until overruled by our court en banc, by the Supreme Court, or by Congress."). Accordingly,

> IT IS ORDERED that Gregory Lamar Bell's motion under 28 U.S.C. § 2255 is stayed pending the United States Supreme Court's decision in *Beckles v. United States*, Supreme Court Case No. 15-8544, regarding the retroactivity of *Johnson* to the residual clause of the career offender sentencing guideline.

> Dated this **19th** day of September, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)        DEPUTY

3